**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| STEVEN J. SMYTHE JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CASE NO. 3:25-cv-50501** |
| DERICK MAAKESTAD, | ) | |
| | ) | |
| Defendant. | ) | |

**Report of Parties Planning Meeting**

1. **Meeting**. Pursuant to FED. R. CIV. P. 26(f), a meeting was held on April 30, 2026, via Zoom and was attended by: Steven J. Smythe Jr., for Plaintiff, and Luke H. Carlson, Assistant State's Attorney, for Defendant Derick Maakestad.

2. **Nature of the Case**.

   a. The case involves the following claims: Plaintiff Steven J. Smythe Jr. alleges that, on March 14, 2025, while he was in the backseat of Defendant Deputy Derick Maakestad's squad car, Defendant used unlawful force against him after Plaintiff became agitated and began banging his head against the squad car window. Plaintiff alleges Defendant opened the rear squad door, punched him in the face, removed him from the squad car, forced him to the concrete, and caused injuries including a broken nose, a bloody nose, and two black eyes. Defendant denies that he assaulted Plaintiff or used unreasonable force. Defendant contends that he restrained Plaintiff to prevent self-injury; that Plaintiff spat in Defendant's right eye; that Defendant struck Plaintiff in an effort to regain control; and that Plaintiff was then removed from the vehicle and placed on the ground while Defendant attempted to regain control. Defendant

1

asserts qualified immunity as an affirmative defense. There are no counterclaims at this time.

b. **A related state criminal case arising from the March 14, 2025 incident remains pending**. The parties recognize that the overlap between the civil case and the criminal case affects the timing and scope of discovery, including Plaintiff's deposition, written discovery directed to Plaintiff concerning the events at issue, and any expert-disclosure deadlines. **<u>The parties therefore request that discovery be stayed until the criminal case is resolved and until further order of Court.</u>**

c. The basis for federal jurisdiction is a federal constitutional excessive-force / unreasonable-force claim under 42 U.S.C. § 1983. The Court has federal-question jurisdiction under 28 U.S.C. § 1331 and civil-rights jurisdiction under 28 U.S.C. § 1343.

3. **Pre-trial Schedule.** The parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects: the events of March 14, 2025 involving Plaintiff and Defendant in or around Defendant's squad car; Plaintiff's custody and restraint status; Plaintiff's conduct before, during, and after the incident, including head-banging, profanity, and alleged spitting; Defendant's conduct and use of force; the reasonableness of the force used; relevant video, audio, body-worn-camera, squad-camera, CAD, dispatch, incident-report, jail, and law-enforcement records; the identity and knowledge of witnesses; Plaintiff's alleged injuries, medical treatment, causation, and damages; Swedish American Hospital records relating to Plaintiff's treatment or reassessment; Defendant's qualified-immunity defense; and

2

any policies, procedures, or training materials relevant and proportional to the claims and defenses.

b. Parties believes discovery should be stayed until the related state criminal case is resolved. Parties propose that the parties first exchange Rule 26(a)(1) disclosures upon further order of the court and preserve relevant evidence, but that party depositions, merits interrogatories directed to Plaintiff, and expert-disclosure deadlines be deferred until further order of Court.

c. The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. Defendant has obtained video footage believed to relate to the incident, including body-worn-camera footage and fixed-camera footage.

d. The parties expect they will need approximately 2 depositions, including Plaintiff. The parties reserve the right to request additional depositions if discovery identifies additional necessary witnesses.

e. At this time, the parties have not determined whether retained experts will be necessary. Plaintiff's alleged medical injuries, causation, and damages may require expert testimony depending on Plaintiff's claimed damages and disclosures. Because the related criminal case may affect the timing and scope of fact discovery, the parties propose that retained-expert disclosure deadlines be deferred until the criminal case is resolved or until further order of Court.

f. The parties propose that no dispositive-motion deadline be set at this time. The parties request that the Court set a dispositive-motion deadline after the related criminal case is resolved or after the Court determines that civil discovery may proceed.

4. **Trial Schedule.**

   a. Because the parties request a stay or deferral of merits discovery in light of the related pending criminal case, the parties propose that final pretrial order and trial-readiness deadlines be set after the criminal case is resolved or after the Court determines that civil discovery may proceed

5. **Expected Evidentiary Proceedings.**

The parties anticipate there may be the following types of evidentiary hearings or proceedings: motions in limine; any necessary *Daubert* hearing if retained experts are disclosed; any evidentiary hearing ordered by the Court; settlement conference or mediation if ordered or agreed; and bench trial.

6. **Settlement.**

At least 7 days prior to the Rule 16(b) scheduling conference, Plaintiff is directed to make a written settlement demand to Defendant. At least 3 days prior to the scheduling conference, Defendant is to respond in writing to Plaintiff's settlement demand.

7. **Consent.** Parties **do not** consent unanimously to proceed before a Magistrate Judge.

Date: **April 30, 2026**

/s/ **Steven J. Smythe Jr.**

Plaintiff

/s/ **Luke H. Carlson**

Counsel for Defendant Derick Maakestad
Assistant State's Attorney

Winnebago County State's Attorney's Office
Civil Bureau
400 West State Street, Suite 804
Rockford, Illinois 61101
(815) 319-4799
(815) 319-4798 – FAX
lcarlson@sao.wincoil.gov